**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

OLATHE/SANTA FE PARTNERSHIP, et al.,   )
                                       )
          Plaintiffs,               )
                                       )
v.                                     )    Case No. 12-2374-CM
                                       )
JOHN K. DOULL, et al.,                 )
                                       )
          Defendants.              )
_____)

## MEMORANDUM AND ORDER

On April 22, 2013, this court entered a memorandum and order dismissing plaintiffs' claim under the Racketeer Influenced and Corrupt Organization Act ("RICO"), denying leave to amend, and declining to exercise supplemental jurisdiction over the remaining state-law claims. This matter is before the court on plaintiffs' motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e) (Doc. 51). For the following reasons, the court denies the motion.

**I.    FACTUAL BACKGROUND**

Plaintiffs filed this lawsuit in 2012, alleging causes of action under RICO and state law. Defendants moved to dismiss the complaint. On April 22, 2013, this court determined that the complaint failed to state a RICO claim. The complaint failed to (1) allege two predicate acts of mail fraud or wire fraud with particularity, (2) allege Hobbs Act extortion, and (3) allege a continuing pattern. The court denied leave to amend because plaintiffs did not provide notice of the proposed amendment. And the court declined to exercise supplemental jurisdiction over the remaining state-law claims. Plaintiffs now seek reconsideration of the April 22, 2013 order under Rule 59(e). They argue that the court erroneously dismissed the RICO claim. And plaintiffs contend the court improperly denied leave to amend.

-1-

## II. LEGAL STANDARDS

The Tenth Circuit has recognized three grounds warranting reconsideration under Rule 59(e): (1) an intervening change in law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice. *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). A motion under this rule is "appropriate where the court has misapprehended the facts, a party's position, or the controlling law." *Id.*

## III. ANALYSIS

Plaintiffs argue that the complaint stated a RICO claim and, regardless, the court should have granted leave to amend.

### A. **Motion to Dismiss**

Plaintiffs contend that the complaint alleged two predicate acts of mail fraud and wire fraud with particularity. The court explained that:

> Plaintiffs have not sufficiently alleged two predicate acts. Although plaintiffs make statements that defendants defrauded them, mail fraud and wire fraud are not committed simply by sending false statements through the mail or over the wires. Plaintiffs also fail to allege enough facts regarding defendants' alleged fraud on other persons. . . . [The] allegations do not indicate the time, place, and content of the misrepresentations, the person who made the false statement, or what acts resulted from the false statements.

(Doc. 49 at 4–5.)

Plaintiffs do not identify intervening law or new evidence. They simply contend that the court reached the wrong decision, which does not constitute clear error or manifest injustice. Plaintiffs' mere dissatisfaction with the court's ruling does not warrant reconsideration. *Lopez v. Cricket Commc'n, Inc.*, No. 11-CV-1506-CMA-KMT, 2013 WL 2351336, at *2 (D. Colo. May 16, 2013) ("Plaintiff's disagreement with the Court's resolution of this question does not entitle him to reconsideration of it."). This argument fails.

Plaintiffs next argue that the complaint alleged Hobbs Act extortion. The court disagreed and stated that:

> Plaintiffs also mention Hobbs Act extortion. The Hobbs Act prohibits interference with interstate commerce by extortion, as well as attempts or conspiracies to commit extortion. 18 U.S.C. § 1951(a). Extortion means "the obtaining of property from another, with his consent, induced by wrongful use of actual or threatened force, violence, or fear, or under color of official right." *Id.* at § 1951(b)(2). Plaintiffs fail to sufficiently allege extortion. The allegations that the Bank wanted plaintiffs to negotiate and provide more collateral before advancing additional funds does not state a claim under this statute.

(Doc. 49 at 5.)

Plaintiffs contend the court applied a heightened pleading standard to the Hobbs Act extortion allegations. The court expressly recognized that mail fraud and wire fraud sound in fraud and must be alleged with particularity. The court did not make a similar statement for Hobbs Act extortion. Instead, the court understood that the general pleading requirements applied to those allegations. And the court determined that the complaint failed to sufficiently allege extortion under this more lenient standard. To the extent the April 22, 2013 order was unclear, the court makes this clarification.

Plaintiffs also argue the complaint sufficiently alleged extortion. In support, they offer several new allegations. These allegations are untimely as there is nothing that suggests they could not have been raised during the original briefing. Regardless, the new allegations do not cure the deficiencies. *See Kaplan v. Archer*, No. 11-cv-2094-PAB-CBS, 2012 WL 3277170, at *10 (D. Colo. July 3, 2012) (concluding that pleadings that "fail to indicate the persons, dates, and methods of extortion" are "plainly inadequate" to support a civil RICO predicate act). For example, there is nothing that indicates that defendants wrongfully used actual or threatened force, violence, or fear to obtain property from Mike Eddings. *See Loncar v. W. Peak, LLC*, No. 08-cv-1592-PAB-CBS, 2010 WL 965519, at *3 (D. Colo. Mar. 15, 2010) (determining that Hobbs Act extortion allegations were

deficient); *Bonadeo v. Lujan*, No. 08-0812 JB/ACT, 2009 WL 1324153, at *20 (D.N.M. Apr. 30, 2009) (same). This argument fails.

Lastly, plaintiffs assert that the complaint alleged continuity. In rejecting this argument, the court explained that:

> To show a pattern of racketeering activity, a RICO plaintiff must also show (1) a relationship between the predicate acts, and (2) the threat of continuing activity. *H.J. Inc. v. NW Bell Tel. Co.*, 492 U.S. 229, 239 (1989). . . . In this case, the court cannot determine whether the predicate acts extended over "a substantial period of time" because plaintiffs failed to allege dates regarding defendants' alleged fraud on other persons. And plaintiffs have not sufficiently alleged any threat of future criminal activity. . . . Instead, plaintiffs have alleged a close-ended series of predicate acts (mail fraud, wire fraud, extortion) constituting a single scheme (reduce the number of real estate loans) to accomplish a discrete goal (increase liquidity) directed at a finite group of individuals with no potential to extend to other persons or entities.

(Doc. 49 at 5–6.)

Plaintiffs only challenge the court's final determination. *See Lacefield v. Big Planet*, No. 06-CV-844, 2008 WL 2661127, at *1 (D. Utah July 3, 2008) (explaining that "[w]hen a motion for reconsideration raises only a party's disagreement with a decision of the Court, that dispute should be dealt with in the normal appellate process" (internal quotation omitted)). They do not cite overlooked controlling law, new evidence, or any clear error or manifest injustice. The complaint did not allege continuity, and plaintiffs have not identified any justification for reconsideration. *See Loncar*, 2010 WL 965519, at *4 (discussing this element and determining that complaint was deficient). This argument fails.

### B.    **Leave to Amend**

During the original briefing, plaintiffs made a general request for leave to amend. The court denied this request because plaintiffs did not provide adequate notice of the basis for the proposed

-4-

amendment.  Plaintiffs argue that this ruling is "improper" and that leave should be freely given under Federal Rule of Civil Procedure 15.

Plaintiffs still have not provided a proposed amended complaint.  Without notice of the proposed amendments, courts generally cannot apply Rule 15.  *See Toone v. Wells Fargo Bank, N.A.*, 716 F.3d 516, 524 (10th Cir. 2013) (explaining that courts are not obligated to "imagine all possible amendments and determine whether any would state a claim" and instructing that "the plaintiff must submit a proposed amendment for the court's consideration, or at least specify how an amendment would cure the deficiency").

Even assuming an amended complaint included all the information in the current motion, it still fails to state a RICO claim.  The instant motion does not offer new allegations for mail fraud and wire fraud.  It does provide some new allegations for extortion, but these allegations are still deficient.  And, even assuming plaintiffs alleged two predicate acts, they have not provided any allegations that cure the continuity deficiency.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion To Alter Or Amend (Doc. 51) is denied.

Dated this 29th day of July, 2013, at Kansas City, Kansas.

                                                 s/ Carlos Murguia
                                                 **CARLOS MURGUIA**
                                                 United States District Judge